IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00932-WYD-BNB

KRISTIN MCINTOSH,

Plaintiff,

v.

TAMMY REGINA MALECKAS, an individual d/b/a Belemonti's of Calabria,
GABRIELA WATTS, an individual,
MARCELLA ARMAS, an individual, and
VANESSA ARMAS, an individual,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Motion to Compel Gabriella Watts to Respond to Interrogatories**

[Doc. # 30, filed 11/5/2012];

(2)     **Plaintiff's Motion to Compel Gabriella Watts to Produce Documents** [Doc. #

31, filed 11/5/2012];

(3)     **Plaintiff's Motion to Compel Marcella Armas to Produce Documents** [Doc. #

33, filed 11/5/2012];

(4)     **Plaintiff's Motion to Compel Marcella Armas to Respond to Interrogatories**

[Doc. # 34, filed 11/5/2012];

(5)     **Plaintiff's Motion to Compel Vanessa Armas to Produce Documents** [Doc. #

35, filed 11/5/2012];

(6)     **Plaintiff's Motion to Compel Vanessa Armas to Respond to Interrogatories**

[Doc. # 36, filed 11/5/2012];

    (7)    **Plaintiff's Motion to Compel Tammy Regina Maleckas** [Doc. # 37, filed 11/5/2012];

    (8)    **Plaintiff's Motion to Compel Gabriella Watts to Answer or for Entry of an Order of Judicial Default** [Doc. # 41, filed 11/13/2012];

    (9)    **Plaintiff's Motion to Compel Marcella Armas to Answer or for Entry of an Order of Judicial Default** [Doc. # 42, filed 11/13/2012];

    (10)    **Plaintiff's Motion to Compel Vanessa Armas to Answer or for Entry of an Order of Judicial Default** [Doc. # 43, filed 11/13/2012];

    (11)    **Plaintiff's Second Motion to Compel Tammy Regina Maleckas** [Doc. # 45, filed 11/13/2012];

    (12)    **Plaintiff's Notice of Withdrawal of Motion to Withdraw Motion to Compel Tammy Regina Maleckas** [Doc. # 51, filed 12/17/2012];

    (13)    **Plaintiff's Notice of Withdrawal of Motion to Compel Vanessa Armas to Answer** [Doc. # 52, filed 12/17/2012].

### I.  The Motions for Entry of Default

The plaintiff seeks the entry of default against Gabriella Watts and Marcella Armas for their failure to answer or otherwise defend.  Rule 55(a), Fed. R. Civ. P., provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Entry of default under Rule 55(a) normally is made by the Clerk of the Court and does not require the involvement of a judicial officer.  In this case, however, the matter arose in a manner

which has required my involvement.  The fact that Rule 55(a) gives the Clerk of the Court

authority to enter a default does not preclude the authority of a judicial officer to do so.  10A

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2682 at p. 19.

In this case, the court's docket sheet demonstrates that service of process was attempted

as follows:

(1)     Against Gabriella Watts by leaving the required documents with "Raven

Schillreff, the manager/authorized agent of Gabriella Watts" at "Belemonti's 644 Sante Fe

Drive, Denver, CO  80204," Affidavit of Service [Doc. # 13]; and

(2)     Against Marcella Armas by leaving the required documents with "Raven

Schillereff, the manager/authorized agent of Gabriella Watts" at "Belemonti's 644 Sante Fe

Drive, Denver, CO  80204," Affidavit of Service [Doc. # 15].

This service does not appear to be sufficient.  Rule 4(e), Fed. R. Civ. P., establishes the

requirements for service of process on a natural person as follows: (1) as permitted by state law

in the state where the court is located; (2) by delivering a copy of the summons and complaint to

the individual personally; (3) by leaving a copy of the summons and complaint at the

individual's dwelling or usual place of abode with someone "of suitable age and discretion who

resides there"; or (4) by delivering a copy of the summons and complaint "to an agent authorized

by appointment or by law to receive service of process."  Colorado law allows service of process

on an individual as follows:

> Upon a natural person whose age is eighteen years or older by
> delivering a copy thereof to the person, or by leaving a copy
> thereof at the person's usual place of abode, which any person
> whose age is eighteen years or older and who is a member of the
> person's family, or at the person's usual workplace, with the
> person's supervisor, secretary, administrative assistant,
> bookkeeper, human resources representative or managing agent; or
> by delivering a copy to a person authorized by appointment or by
> law to receive service of process.

Colo. R. Civ. P. 4(e)(1).

Service was not personally made.

It is alleged by the plaintiff, and no evidence to the contrary has been presented, that

Belemonti's at 644 Sante Fe Drive, Denver, Colorado, is a leased premises.  Gabriella Watts and

Marcella Armas are alleged to be owners of that property, but it also is alleged that the property

is subject to a lease to Tammy Regina Maleckas, who "maintains and controls" the property.

Complaint [Doc. # 1] at ¶5.  Belemonti's is alleged to be a pizzeria and not a residence.

Scheduling Order [Doc. # 29] at p. 2.  Consequently, service was not made at the defendants'

"dwelling or usual place of abode."

There is no indication that Belemonti's is the usual workplace of Gabriella Watts or

Marcella Armas.

Although the Affidavits of Service baldly assert that Raven Schillereff (or Schillref) is

the manager/authorized agent of Gabriella Watts and Marcella Armas, there is no evidence that

Mr. Schillereff is an agent "authorized by appointment or by law to receive service of process."

Absent such evidence, I cannot assume that such an appointment has been made.

On the record now before me, I cannot find that Gabriella Watts and Marcella Armas

have been served with process.  The motions for entry of default must be denied.

Vanessa Armas personally appeared at the scheduling conference on September 10, 2012, consenting to the exercise of the jurisdiction of the court.  Although the plaintiff initially sought the entry of default against Vanessa Armas [Doc. # 43], she subsequently withdrew that motion [Doc. # 52].

## II.  The Motions To Compel Discovery
## and for Reasonable Expenses

I orally granted the plaintiff's discovery motions at the hearing on December 20, 2012. My subsequent review of the record discloses that Gabriella Watts and Marcella Armas have not been served with process, have not appeared, and are not subject to the personal jurisdiction of the court.  Consequently, I vacate my oral ruling as to Gabriella Watts and Marcella Armas and deny the discovery motions as against them.

The record reflects that the plaintiff served interrogatories and requests for production of documents on Vanessa Armas.  The discovery requests are relevant to the subject matter involved in the action or are reasonably calculated to lead to the discovery of admissible evidence.  Vanessa Armas failed to respond to the written discovery in any way.  Thereafter, the plaintiff moved to compel the requested written discovery, and Vanessa Armas failed to respond to the motions to compel.  I set the motions to compel for hearing this morning at 8:30 a.m., but Vanessa Armas failed to appear at the hearing.  The plaintiff is entitled to an order compelling Vanessa Armas to answer the written discovery.

In addition, pursuant to Rule 37(a)(5), Fed. R. Civ. P., if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless I find that there was no reasonable attempt to resolve

the matter without involving the court or that the resisting party's position was substantially justified or the award of expenses would be unjust.  Here, the motions to compel requested an award of reasonable expenses in making the motions; Vanessa Armas had an opportunity to be heard on the matter; but she made no response.  The plaintiff attempted to resolve the discovery issues prior to seeking the assistance of the court; the position taken by Vanessa Armas--to ignore her discovery obligations--is not substantially justified; and the award of reasonable expenses would not be unjust.

IT IS ORDERED:

(1)     My oral ruling compelling discovery and awarding reasonable expenses against Gabriella Watts and Marcella Armas is VACATED;

(2)     Plaintiff's Motion to Compel Gabriella Watts to Respond to Interrogatories [Doc. # 30] is DENIED based on the plaintiff's failure to make service of process;

(3)     Plaintiff's Motion to Compel Gabriella Watts to Produce Documents [Doc. # 31] is DENIED based on the plaintiff's failure to make service of process;

(4)     Plaintiff's Motion to Compel Marcella Armas to Produce Documents [Doc. # 33] is DENIED based on the plaintiff's failure to make service of process;

(5)     Plaintiff's Motion to Compel Marcella Armas to Respond to Interrogatories [Doc. # 34] is DENIED based on the plaintiff's failure to make service of process;

(6)     Plaintiff's Motion to Compel Vanessa Armas to Produce Documents [Doc. # 35] is GRANTED.  Vanessa Armas shall respond to the production request and produce all responsive documents on or before January 18, 2013.  The plaintiff is awarded her reasonable expenses in making the motion to compel;

(7)     Plaintiff's Motion to Compel Vanessa Armas to Respond to Interrogatories [Doc. # 36] is GRANTED.  Vanessa Armas shall answer the interrogatories, in writing and under oath, on or before January 18, 2013.  The plaintiff is awarded her reasonable expenses in making the motion to compel;

(8)     To effectuate my award of reasonable expenses in favor of the plaintiff and against Vanessa Armas for failure to make discovery, on or before January 7, 2013, the plaintiff shall prepare a fee application in compliance with the requirements of D.C.COLO.LCivR 54.3 and serve it on Vanessa Armas.  Thereafter, the plaintiff shall confer with Vanessa Armas in an attempt to reach an agreement on the amount of the award.  If the parties cannot agree and payment in full has not been made by January 18, 2013, the plaintiff shall file the fee application for my consideration;

(9)     Plaintiff's Motion to Compel Tammy Regina Maleckas [Doc. # 37] is DENIED as withdrawn;

(10)    Plaintiff's Motion to Compel Gabriella Watts to Answer or for Entry of an Order of Judicial Default [Doc. # 41, filed 11/13/2012] is DENIED based on the plaintiff's failure to make service of process;

(11)    Plaintiff's Motion to Compel Marcella Armas to Answer or for Entry of an Order of Judicial Default [Doc. # 42] is DENIED based on the plaintiff's failure to make service of process;;

(12)    Plaintiff's Motion to Compel Vanessa Armas to Answer or for Entry of an Order of Judicial Default [Doc. # 43] is DENIED as withdrawn; and

(13)    Plaintiff's Second Motion to Compel Tammy Regina Maleckas [Doc. # 45] is

DENIED as withdrawn.

Dated December 20, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge