IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00932-WYD-BNB

KRISTIN MCINTOSH,

Plaintiff,

v.

TAMMY REGINA MALECKAS, an individual d/b/a Belemonti's of Calabria,
GABRIELA WATTS, an individual,
MARCELLA ARMAS, an individual, and
VANESSA ARMAS, an individual,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Costs In Re: Defendant Vanessa Armas' Failure to Make Discovery** [Doc. # 64, filed 1/18/2013] (the "Motion for Costs"). The Motion for Costs is GRANTED, and the plaintiff is awarded her reasonable expenses in connection with her Motion to Compel Documents [Doc. # 35] and Motion to Compel Answers [Doc. # 36] in the amount of $2,811.90.

By an Order [Doc. # 55] entered on December 20, 2012, I granted the plaintiff's motions to compel directed against defendant Vanessa Armas[1] finding:

> The record reflects that the plaintiff served interrogatories and requests for production of documents on Vanessa Armas. The discovery requests are relevant to the subject matter involved in the action or are reasonably calculated to lead to the discovery of admissible evidence. Vanessa Armas failed to respond to the

---

[1] Ms. Armas is proceeding pro se. Even so, she is required to "follow the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

> written discovery in any way. Thereafter, the plaintiff moved to
> compel the requested written discovery, and Vanessa Armas failed
> to respond to the motions to compel. I set the motions to compel
> for hearing [on December 20, 2012] at 8:30 a.m., but Vanessa
> Armas failed to appear at the hearing. The plaintiff is entitled to
> an order compelling Vanessa Armas to answer the written
> discovery.

Order [Doc. # 55] at p. 5. I also awarded the plaintiff her reasonable expenses in bringing the motions to compel finding:

> [T]he motions to compel requested an award of reasonable
> expenses in making the motions; Vanessa Armas had an
> opportunity to be heard on the matter; but she made no response.
> The plaintiff attempted to resolve the discovery issues prior to
> seeking the assistance of the court; the position taken by Vanessa
> Armas--to ignore her discovery obligations--is not substantially
> justified; and the award of reasonable expenses would not be
> unjust.

Id. at p. 6. Finally, I ruled:

> To effectuate my award of reasonable expenses in favor of the
> plaintiff and against Vanessa Armas for failure to make discovery,
> on or before January 7, 2013, the plaintiff shall prepare a fee
> application in compliance with the requirements of
> D.C.COLO.LCivR 54.3 and serve it on Vanessa Armas.
> Thereafter, the plaintiff shall confer with Vanessa Armas in an
> attempt to reach an agreement on the amount of the award. If the
> parties cannot agree and payment in full has not been made by
> January 18, 2013, the plaintiff shall file the fee application for my
> consideration.

Id. at p. 7.

The Motion for Costs [Doc. # 64] indicates that the parties were not able to reach agreement on the amount of expenses, and the expenses were not paid in full by January 18, 2013. Consequently, and in compliance with the Order [Doc. # 55], the plaintiff filed the Motion for Costs. Vanessa Armas has not responded to the Motion for Costs, despite being given an

opportunity to do so. Minute Order [Doc. # 66] (allowing until February 8, 2013, to respond).

The Motion for Costs [Doc. # 64] includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiff's counsels' qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." Id. (internal quotation and citation omitted).

**1.     Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Plaintiff's counsel seeks an award for 13.5 hours in connection with the motions to compel. I have carefully reviewed the time sheet submitted. Two entries, concerning a "continuance of hearing--omnibus" are not compensable, and I will not include the 1.9 hours associated with those entries in my award. I find that the remaining 11.6 hours were necessarily and reasonably expended in connection with the motions to compel.

**2.     Reasonable Hourly Rate**

The plaintiff seeks to recover time for four timekeepers--Scott R. Dinin; B. Bradley Weitz; Karen Leicht; and Christopher DaSilva. Mr. Dinin is a lawyer with 17 years experience, and bills his time at $295 per hour. Mr. Weitz is a lawyer with more than 11 years experience, and bills his time at $295 per hour. Ms. Leicht and Mr. DaSilva are legal assistants, and their

time is billed at $125 per hour.

The plaintiff bears the burden of establishing that the rate is reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A trial court may use its own knowledge in determining a reasonable rate. Id. at 1079; see Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market). I find that the rates charged here by the lawyers and paralegals involved are reasonable in the Denver market.

Multiplying the hours reasonably expended by each timekeeper by their applicable rate results in fees totaling $2,810.00, as follows:

•Mr. Dinin billed 6.5 hours in connection with the motions to compel, at a rate of $295 per hour, for a total of $1,917.50;

•Mr. Weitz billed 1.5 hours in connection with the motions to compel, at a rate of $295 per hour, for a total of $442.50;

•Ms. Leicht and Mr. DaSilva together billed 3.6 hours in connection with the motions to compel, at a rate of $125 per hour, for a total of $450.

The plaintiff seeks to recover copying costs at the rate of $1 per page, which I find to be unreasonable. No award for copying is allowed. The plaintiff also seeks to recover postage costs of $1.90 in connection with mailings to all four defendants. I will award only the postage for materials mailed to Vanessa Armas, totaling $1.90.

The total award in favor of the plaintiff and against Vanessa Armas is $2,811.90, which I

4

find to be reasonable and appropriate.

      IT IS ORDERED:

      (1)      The Motion for Costs [Doc. # 64] is GRANTED; and

      (2)      The plaintiff is awarded her reasonable expenses, including attorneys fees, in bringing the motions to compel against Vanessa Armas in the amount of $2,811.90.

      Dated February 22, 2013.

                                    BY THE COURT:

                                    /s/ Boyd N. Boland
                                    United States Magistrate Judge